IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALONZO KEMP, <br> Plaintiff, <br> vs. <br><br> THE CITY OF PITTSBURGH POLICE; <br> OFFICER DAVID M. SISAK, <br> Defendants. | Civil Action No. 11-1328 <br><br> Judge Nora Barry Fischer <br> Magistrate Judge Maureen P. Kelly <br><br> [ECF No. 11] |

## REPORT AND RECOMMENDATION

I.     **RECOMMENDATION**

Plaintiff, Alonzo Kemp ("Plaintiff"), an inmate incarcerated at the State Correctional Institution at Mercer, Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendants The City of Pittsburgh Police and Officer David M. Sisak ("Defendants"). Plaintiff's Complaint [ECF No. 4] seeks compensatory and punitive damages arising from the alleged violation of his rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution in effectuating the arrest that culminated in his current sentence. Plaintiff contends Defendant Sisak falsified material facts in an affidavit of probable cause supporting his arrest and ultimate conviction for various vehicle and drug charges. Plaintiff further alleges that Defendant The City of Pittsburgh Police failed to properly train, supervise or discipline its officers. Defendants have filed a Joint Motion to Dismiss [ECF No. 11], and Plaintiff has filed a Response to Motion to Dismiss [ECF No. 15].

For the following reasons, is respectfully recommended that the Joint Motion to Dismiss be granted, and that Plaintiff's action be dismissed without prejudice to reasserting his claims if

1

and when his conviction is invalidated or called into question by a federal court's issuance of a writ of habeas corpus.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on October 23, 2009, he was arrested on the basis of an Affidavit of Probable Cause ("Affidavit") containing a statement fabricated by Defendant Sisak. Plaintiff has attached the Affidavit to his Complaint, which describes the events leading up to Plaintiff's arrest:

> Officers Ewing, Saldutte and myself were working in the Garfield section of town when we noticed a silver Cadillac with no rear light on. We believed that the car had no lights on, but noticed headlights when the car turned left onto N. Pacific Ave without signaling. We activated lights and sirens and the vehicle continued up N. Pacific Ave and finally pulled off in the 5100 block of Rosetta St.
>
> We approached the vehicle and Officer Saldutte stated that driver was moving around in the vehicle, but was unable to see what he was doing due to the tint on the rear window. Officer Ewing and I noticed that the driver later identified as Alonzo Kemp was breathing very fast, and appeared nervous. Officer Saldutte asked Kemp to step out of the vehicle. When Kemp exited the vehicle he stated "Aw man All I have is a little bag of weed on me!", as he patted his front right coat pocket with his right hand.
>
> Officer Saldutte placed Kemp in custody without incident. Officer Saldutte recovered a clear baggie containing (3) individual baggies of marijuana from Kemp's front right jacket packet. Additionally, Officer Saldutte recovered another baggie containing (4) individually wrapped baggies of powder cocaine, (10) individually wrapped baggies of Crack cocaine, and (14) glassine baggies of heroin from Kemp's right jacket pocket. Officer Saldutte then recovered (2) cellular phones from Kemps right front pants pocket and $344.00 cash from Kemp's front left pants pocket. Officer Ewing and I then removed the passenger/owener of the vehicle (Richard Martin) and did a terry pat for weapons. Martin had no weapons on his person, but had a large amount of cash in his right pants pocket. I asked Martin how much cash he had on him and he stated about $2300 dollars. Martin was released. A field contact search and seizure will be completed on Martin.
>
> The vehicle was towed to the pound by McGhann and Chester. Officer Ewing recovered another cell phone from the car when it was towed.

Unit 3512 Officers Kail and Flynn transported Kemp to the ACJ without incident.

All evidence was packaged and sent to the crime lab for processing.

[ECF No. 4-1, p. 2].

After a jury trial, Plaintiff was convicted of five drug related offenses and two vehicle summary offenses arising out of his arrest. He is currently serving the sentence imposed for his crimes.[1]

Concurrent with this civil rights action, Plaintiff is also pursuing a writ of habeas corpus in another action in the United States District Court for the Western District of Pennsylvania at No. 12-0099 [ECF No. 1]. In that action, he seeks his release on the same basis alleged in the instant Section 1983 action, to wit, Defendant Sisak's alleged fabrication of the statement "Aw man all I have is a little bag of weed on me." Id., ¶ 3.

Defendants seek dismissal of the Plaintiff's Section 1983 action, whether for either false arrest or malicious prosecution, as barred by Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Alternatively, Defendants contend that Plaintiff has failed to allege facts sufficient to state a cognizable cause of action against Defendant The City of Pittsburgh Police for its alleged conduct in failing to train, supervise or discipline its officers.

 **B. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b) (6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. Id. A defendant bears the burden

---

[1] See, CCP Allegheny County, Pennsylvania
http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-02-CR-0000453-2010

of establishing that a plaintiff's complaint fails to state a claim. See Gould Elecs. v. United States, 220 F.3d 169, 178 (3d Cir.2000).

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The statement required by Rule 8(a)(2) "'must give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Detailed factual allegations are not required. Twombly, 550 U.S. at 555. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir .2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. Id.

As such, the inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, meaning enough factual allegations " 'to raise a reasonable expectation that discovery will reveal evidence of' " each necessary element, Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting* Twombly, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 678.

With particular relevance to Plaintiff's action, in deciding a motion to dismiss, the court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. Id. The court need not assume the plaintiff can prove facts that were not alleged in the complaint, see City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 263 & n. 13 (3d Cir. 1998), or credit a complaint's " 'bald assertions' " or " 'legal conclusions,' " Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (*quoting* In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

### C. DISCUSSION

Plaintiff alleges that in the course of his arrest, Defendant Sisak "elected to falsify the allegation of probable cause" by fabricating Plaintiff's confession that, "Aw man all I have is a little bag of weed on me." [ECF No. 4, p. 3]. Plaintiff contends that Defendant Sisak's fabrication of this statement constitutes a violation of Plaintiff's right against self-incrimination under the Fifth Amendment to the United States Constitution. In addition, Plaintiff asserts the fabrication constitutes a violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Each of Plaintiff's claims, however, is barred by the application of Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck v. Humphrey, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id., at 486–87 (footnote omitted).

As the Supreme Court explained,

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487. Heck, then, requires Plaintiff's claim be evaluated to determine first, whether the claim suggests the invalidity of an "outstanding criminal judgment against the plaintiff;" and, second, if the claim does imply such invalidity, it must be dismissed unless the plaintiff can demonstrate "that the conviction or sentence has already been invalidated." Id. Taking up the second inquiry first, it is clear that Plaintiff's conviction has not been invalidated, as he is currently challenging the validity of his sentence through a writ of habeas corpus. Thus, the key question under Heck is whether Plaintiff's § 1983 action implies the invalidity of this particular conviction.

Plaintiff alleges that Defendant Sisak fabricated a portion of the affidavit supporting probable cause for his arrest, relating to Plaintiff's declaration that he was in possession of marijuana. Given Plaintiff's assertion that his arrest was predicated upon this fabrication, the basis of Plaintiff's action necessarily implies the invalidity of his conviction and sentence. As a result, Heck bars plaintiff from obtaining monetary relief for his claims unless and until his

6

conviction is set aside. *See also*, <u>Gibson v. Superintendent, N.J. Dep't of Law and Public Safety</u>, 411 F.3d 427, 450 (3d Cir.2005), *overruled on other grounds by* <u>Dique v. New Jersey State Police</u>, 603 F.3d 181, 188 (3d Cir.2010) (plaintiff's claims for illegal search and seizure and resulting false arrest and false imprisonment did not accrue until the plaintiff's conviction was overturned). Because Plaintiff's action is premature, it must be dismissed without prejudice to reasserting his claims if and when his conviction is overruled. <u>Wallace v. Kato</u>, 549 U.S. 384, 394 (2007) (where the plaintiff has been convicted, a civil action raising a claim for false arrest which would impugn the conviction is subject to dismissal).

    **D.**    **CONCLUSION**

For the foregoing reasons, is respectfully recommended that the Joint Motion to Dismiss [ECF No. 11 ] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193

n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: July 6, 2012

cc: The Honorable Nora Barry Fischer
United States District Judge

All counsel of record via CM/ECF

Alonzo Kemp
FW-5125
SCI Mercer
801 Butler Pike
Mercer, PA 16137